<pre>
 1
 2
 3
 4
 5
 6
 7
 8                          UNITED STATES DISTRICT COURT
 9                          EASTERN DISTRICT OF CALIFORNIA
10
</pre>

| JOVANNY HERNANDEZ,<br><br>    Plaintiff,<br><br>  v.<br><br>SINGLETON, et al.,<br><br>    Defendants. | Case No. 1:21-cv-01148-BAK (HBK) (PC)<br><br>ORDER DIRECTING CLERK TO ASSIGN ACTION TO DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR A FAILURE TO OBEY COURT ORDERS AND FOR A FAILURE TO PROSECUTE<br><br>14-DAY DEADLINE |
|---|---|

Plaintiff Jovanny Hernandez is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action. For the reasons set forth below, the undersigned recommends the District Court dismiss this action for Plaintiff's failure to comply with a court order and prosecute this action.

**BACKGROUND**

On December 4, 2021, the Court issued a screening order directing Plaintiff to file a first amended complaint curing the deficiencies in his pleading or file a notice of voluntary dismissal. (Doc. 12). The Court granted Plaintiff an extension of time to February 28, 2022, within which to file a first amended complaint. (Doc. 18). On February 27, 2027, Plaintiff filed a "Motion for Reconsideration/ Extension of Time (21 Days)." (Doc. 19). On March 4, 2022, the Court issued

1  an Order Denying Motion for Reconsideration and Granting Second Extension of Time to File
2  First Amended Complaint. (Doc. 20). Despite affording Plaintiff a further extension of 21 days
3  within which to file a first amended complaint or a notice of voluntary dismissal as initially
4  directed in the Court's December 4, 2021, Order, Plaintiff has failed to do so.
5       On April 8, 2022, the Court issued an Order to Show Cause (OTSC) why the action
6  should not be dismissed for Plaintiff's failure to prosecute and failure to obey court order. (Doc.
7  21). Plaintiff was given 21 days within which respond to the OTSC. (*Id*.). The Court expressly
8  warned Plaintiff that the failure to comply with the OTSC would result in the recommendation
9  that the case be dismissed for failure to prosecute and failure to obey a court order. (*Id*. at 2:5-6).
10 Plaintiff has failed to respond to the OTSC and the time to do so has expired.

**APPLICABLE LAW AND ANALYSIS**

**A. Legal Standard**

13      Federal Rule of Civil Procedure 41(b) permits the court to involuntarily dismiss an action
14 when a litigant fails to prosecute an action or fails to comply with other Rules or with a court
15 order. *See* Fed. R. Civ. P. 41(b); *see Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 889
16 (9th Cir. 2019) (citations omitted). Similarly, the Local Rules, corresponding with Federal Rule
17 of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with … any order of
18 the Court may be grounds for the imposition by the Court of any and all sanctions … within the
19 inherent power of the Court." E.D. Cal. L.R. 110. "District courts have inherent power to control
20 their dockets" and, in exercising that power, may impose sanctions, including dismissal of an
21 action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A
22 court may dismiss an action based on a party's failure to prosecute an action, obey a court order,
23 or comply with local rules. *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)
24 (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal
25 Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order);
26 *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and
27 to comply with local rules).
28      In determining whether to dismiss an action, the Court must consider several factors:

(1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson*, 779 F.2d at 1423; *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

### B.  Analysis

The undersigned considers each of the above-stated factors and concludes dismissal is warranted in this case. The Court's Screening Order issued December 6, 2021determined Plaintiff had failed to state any claim upon which relief could be granted. (Doc. 12 at 3-4). Plaintiff was ordered to file a first amended complaint, curing the deficiencies identified in the Order, within 21 days. Alternatively, Plaintiff could file a notice of voluntary dismissal. (*Id*. 4-5). Despite obtaining two extensions of time within which to file a first amended complaint (*see* Docs. 18, 20), Plaintiff failed to file an amended complaint or a notice of voluntary dismissal. Plaintiff has also failed to respond to this Court's OTSC.

As to the first factor, the expeditious resolution of litigation is deemed to be in the public interest, satisfying the first factor. *Yourish v. California Amplifier*, 191 F.3d 983, 990-91 (9th Cir. 1999). Turning to the second factor, the Court's need to efficiently manage its docket cannot be overstated. This Court has "one of the heaviest caseloads in the nation," and due to unfilled judicial vacancies, which is further exacerbated by the Covid-19 pandemic, operates under a declared judicial emergency. *See* Amended Standing Order in Light of Ongoing Judicial Emergency in the Eastern District of California. The Court's time is better spent on its other matters than needlessly consumed managing a case with a recalcitrant litigant. Because the Court cannot effectively manage its docket if Plaintiff ceases litigating his case. Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

Delays inevitably have the inherent risk that evidence will become stale or witnesses' memories will fade or be unavailable and can prejudice a defendant, thereby satisfying the third factor. *See Sibron v. New York,* 392 U.S. 40, 57 (1968). Thus, the third factor, risk of prejudice to defendant, also weighs in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W*., 542 F.2d 522, 524

1   (9th Cir. 1976). Plaintiff's inaction amounts to an unreasonable delay in prosecuting this action,
2   weighing in favor of dismissal for a risk of prejudice to defendants.

3     Finally, the fourth factor usually weighs against dismissal because public policy favors
4   disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002).  However,
5   "this factor lends little support to a party whose responsibility it is to move a case toward
6   disposition on the merits but whose conduct impedes progress in that direction," which is the case
7   here. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th
8   Cir. 2006) (citation omitted).  Indeed, "trial courts do not have time to waste on multiple failures
9   by aspiring litigants to follow the rules and requirements of our courts." *Pagtalunan v. Galaza*,
10  291 F.3d 639, 644 (9th Cir. 2002) (Trott, J., concurring in affirmance of district court's
11  involuntary dismissal with prejudice of habeas petition where petitioner failed to timely respond
12  to court order and noting "the weight of the docket-managing factor depends upon the size and
13  load of the docket, and those in the best position to know what that is are our beleaguered trial
14  judges.").

15    Finally, the Court's warning to a party that failure to obey the court's order will result in
16  dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262;
17  *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424.  The Court's March 4, 2022, Order
18  expressly warned Plaintiff that his failure to comply with the Court's order would result in a
19  recommendation for dismissal of this action.  (Doc. 20 at 3).  Additionally, the Court's April 8,
20  2022, OTSC repeated that warning.  (Doc. 21 at 2).  Thus, Plaintiff had adequate warning that
21  dismissal could result from his noncompliance.  And the instant dismissal is a dismissal *without*
22  prejudice, which is a lesser sanction than a dismissal with prejudice, thereby addressing the fifth
23  factor.

24    After considering the factors set forth *supra* and binding case law, the undersigned
25  recommends dismissal, without prejudice, under Fed. R. Civ. P. 41 and Local Rule 110.

26    Accordingly, it is **ORDERED**:
27    The Clerk of the Court randomly assign this case to a District Judge.
28    It is further **RECOMMENDED**:

4

This action be DISMISSED without prejudice for Plaintiff's failure to obey court orders and failure to prosecute.  Because the dismissal for failure to prosecute and obey a court order is <u>after</u> the Court screened the complaint and directed Plaintiff to file an amended complaint, this dismissal shall qualify as a strike for purposes of 28 U.S.C. § 1915.  *Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017).

## NOTICE

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  **Within 14 days of the date of service** of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:   May 15, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE